*Chambers, Dickey & Chambers,* for defendant.

---

### 15156.  BOWDON CONSTRUCTION COMPANY *et al. v.* BANK OF BOWDON.

The only question for decision by this court being whether the evidence authorized a finding against the defendant's affirmative plea, and there being evidence to support the finding against it as made by the trial judge, to whom the case was submitted for trial without a jury, this court is without authority to set aside his judgment.

DECIDED MARCH 13, 1924.

Complaint; from city court of · Carrollton—Judge Hood. October 15, 1923.

*S. J. Boykin, Boykin & Boykin,* for plaintiffs in error.

*S. Holderness,* contra.

BELL, J. This was an action upon a promissory note. Judgment by default was entered for the plaintiff in June, 1923. On September 12 the defendant filed a motion to open the default, and tendered a plea that because of an agreement between the parties that the "due date· of this note· was to be extended to December 15, 1923, . . the suit should not proceed, and judgment should not be had against . . defendant at this term of the court, said suit having been prematurely brought." The issues made by the motion and the proffered plea were submitted for trial together before the judge, "without the intervention of a jury." On hearing the evidence the court granted the motion to open the default, but found against the plea, and again entered judgment for the plaintiff for the amount sued for. As the only exception is to this judgment, the nature of the motion to open the default is imma-

terial; likewise as to the evidence, except in so far as it was also pertinent to the plea which was heard and passed upon at the same time. The bill of exceptions recites that at this trial the "defendants admitted a prima facie case in behalf of plaintiff and required no proof." The assignment of error is that the judgment was error because "contrary to law, contrary to evidence, and . . the same is not a legal termination of said case."

1. The suit was for principal, interest, and attorney's fees, and a further sum which the plaintiff alleged it had expended for insurance upon property conveyed to secure the debt, under an agreement that the expense so incurred would be added as principal to the note. The recital in the bill of exceptions that the "defendant admitted a prima facie case in behalf of the plaintiff and required no proof," fairly construed, would imply that a prima facie case was admitted as to each item sued for, and the judgment, therefore, as to no item was unsupported by evidence because of a failure of the plaintiff to bring proof of its allegations. The sole question is whether the evidence authorized a finding against the defendants' affirmative plea. Indeed the court does not understand that the plaintiffs' in error contend otherwise.

2. The evidence of the defendants would have warranted a finding that the plaintiff had agreed that upon the payment of $5000 by November 1, 1923, upon two notes, including the one sued upon, it would extend the maturity of the latter as the defendants alleged; but assuming that the agreement, if made, was supported by a consideration, the defendants' evidence thereof was directly contradicted by the testimony of witnesses (the persons with whom the defendants contended the agreement was made) introduced by the plaintiff, and the finding of the trial court upon such conflicting testimony forecloses this issue of fact.

3. The plaintiffs in error insist further that the judgment is erroneous for the reason that the evidence showed that defendants, in pursuance of the extension agreement, delivered to the plaintiff certain corporate stocks of the value of $2800, which were tendered and accepted as cash, and which should be credited. Upon this question also the plaintiff took issue, and submitted proof to the effect that the stocks were delivered and accepted only as collateral security, with the understanding that it might sell the same and

apply the proceeds upon the note, and that it had not made a sale thereof at the time of the trial. Thus the evidence did not demand a finding upon this issue in favor of the defendants. If the plaintiff's contention was true, it was not required to credit the value of the stocks before it sold them, even if not until after judgment. Besides, there was no plea of partial payment.

4. The plaintiff in error is concluded by the rule that this court is without power to set aside the finding of a jury or trial judge upon a question of fact where there is any evidence to support it.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*